Tlie opinion of the Court was delivered by
Pocmí, J.
Relator charges that in entertaining an application for, and in granting a mandamus in favor of J. Henry Behan, against the Administrator of Public Accounts of the City of New Orleans, tlie defendant Judge has usurped j urisdiction not conferred upon him bylaw.
The record shows that Behan, a judgment creditor of the city, applied in the District Court for a writ of mandamus against tlie Administrator of Public Accounts, for the purpose of compelling that officer to issue to him a warrant of $200, as balance due on his salary as a former city officer, for the month of April, 1880.
Relator herein, alleging interest, as a creditor of the city, in that controversy, intervened in the proceeding, for the purpose of defeating Behan in his application.
Among other grounds, he and the defendant both urged, that under the provisions of Act No. 5 of 1870, Extra Sesssion, the court was powerless to grant the relief invoked by Behan.
On trial of the application and of the intervention, the latter was dismissed, and the writ of mandamus was granted.
As the case is not appealable, the intcrvenor, who is joined by the defendant, in an answer, lias applied to this Court for a writ of prohibition, under our supervisory jurisdiction.
As argued by defendants, our investigation must be strictly confined to the question of jurisdiction, vel non, of the lower court.
Article No. 90 of the present Constitution, which has created the supervisory jurisdiction of this Court over all inferior courts, has received judicial interpretation in several cases; and in keeping with the spirit of the Constitution, as expounded in those decisions, we shall exercise the power thus granted only in eases where the party aggrieved has no other adequate remedy, and where the act complained of is a manifest violation of a positive law.
The statute which the District Judge is charged to have ignored provides, in substance, that no court within the State shall have authority or jurisdiction to entertain or enforce any summary process, or proceeding, or writ, or order of mandamus against the auditing officer of the City of New Orleans, wdth a view, directly or indirectly, to compel said officer to issue and deliver any warrant for the payment of money, or against the officer charged with the disbursement of the moneys of the City of New' Orleans.
A close attention to the language of the statute discloses that the *878 intention of the legislature was not only to deprive all jiersons of that remedy, but to prohibit all courts from even entertaining any application for the remedy in the cases provided for.
It follows, therefore, that the District Court is positively denied jurisdiction or power to consider the claim set up in all such applications ; and that its plain duty was to decline to even entertain the proceeding.
It has often been held, and it is in fact elementary, that the writ of mandamus is not a writ of right, and must be issued in strict conformity with law •, a fortiori it cannot be applied for or granted in violation of law.
The Articles of the Code of Practice providing general rules, governing writs of mandamus to enforce the performance of ministerial duties, must be construed with reference to this, a later statute, making exceptions as to the special officers in question, in the matters provided for.
The judgment sought to be executed by Behan, the consideration of that judgment and all causes of action which are made the basis of his proceeding, having arisen since the enactment of the- statute, fall clearly within its provisions, and must be governed thereby. See State ex rel. Strauss vs. Brown, 30 An. 79.
Our conclusion is, therefore, that the-defendant Judge -liad no jurisdiction, power or authority to-grant the writ of mandamus applied for by Behan, and that the Relator herein is entitled to the relief which he asks at our hands.
It is, therefore, ordered, that the alternative writ of - prohibition granted herein be made perpetual, and that the defendant Judge be prohibited from enforcing the writ of mandamus granted by him in the case of the State ex rel. J. Henry Behan vs. W. E. Huger, Administrator of Public Accounts. Costs to be paid by defendants in this proceeding-.
Levy, J., absent.